WATER QUALITY CONTROL DIVISION, DEPARTMENT OF HEALTH, STATE OF COLORADO, Plaintiff–Appellee,

v.

Benedicto F. CASIAS, individually and d/b/a Casias–Lovato Subdivision, Defendant–Appellant.

No. 91CA2049.

Colorado Court of Appeals, Div. I.

Nov. 19, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Amelia S. Whiting, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Woodrow, Roushar & Carey, Frank J. Woodrow, Montrose, for defendant-appellant.

Opinion by Judge NEY.

In this penalty collection action, Benedicto F. Casias, individually and d/b/a Casias–

Lovato Subdivision, appeals from the judgment in favor of the Water Quality Control Division, Department of Health. We affirm.

In 1988, the Water Quality Control Division issued a notice of violation and cease and desist order to Casias for violations of his discharge permit. He did not and does not contest that the violations occurred. The Division filed a petition for the imposition of a civil penalty for the violations, and a penalty of $7500 was imposed on July 9, 1990. Casias did not perfect an appeal of the penalty before the Water Quality Control Commission.

The Division initiated this collection action in January 1991, and Casias raised as a defense the appropriateness of the penalty pursuant to § 25–8–608(2), C.R.S. (1989 Repl.Vol. 11A). The Division filed a motion for determination of a question of law concerning the standard for determining the appropriateness of the penalty, arguing that the standard should be a limited review whether the administrative action was arbitrary and capricious. Casias opposed the motion on the basis that the statute allows a trial de novo on the amount of the penalty, as an alternative to participating in the administrative process. The trial court ruled that § 25–8–608(2) provides for a limited review on the issue whether the action was arbitrary, capricious, or an abuse of discretion as generally set forth in § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A).

The action proceeded to trial, and, applying a limited review, the trial court determined that it could make no new findings of fact and that the Commission's actions are entitled to deference. The trial court then enforced the penalty against Casias. This appeal followed.

The sole issue on appeal is the interpretation of the last sentence of § 25–8–608(2), C.R.S. (1989 Repl.Vol. 11A). That statutory subsection provides:

Upon application of the division, penalties shall be determined by the executive director or his designee and may be collected by the division by action instituted in a court of competent jurisdiction for collection of such penalty. The final decision of the executive director or his designee may be appealed to the commission. A stay of any order of the division pending judicial review shall not relieve any person from any liability under subsection (1) of this section, but the reason for the request for judicial review shall be considered in the determination of the amount of the penalty. In the event that such an action is instituted for the collection of such penalty, the court may consider the appropriateness of the amount of the penalty, if such issue is raised by the party against whom the penalty was assessed.

Casias contends that the final sentence of this subsection requires a trial court to exercise original jurisdiction to determine an appropriate penalty for violation of the Colorado Water Quality Control Act. The Division contends that the trial court correctly interpreted the final sentence to allow review under the arbitrary and capricious standard to determine whether the amount of the penalty is appropriate. We agree with the Division.

■ The appropriate construction of a statute is a question of law. *Colorado Division of Employment & Training v. Parkview Episcopal Hospital*, 725 P.2d 787 (Colo.1986).

■ The primary goal of statutory construction is to effect the intent of the General Assembly. Section 2–4–212, C.R.S. (1980 Repl.Vol. 1B); § 2–4–203, C.R.S. (1980 Repl.Vol. 1B). Words and phrases in statutes should be construed according to their familiar and generally accepted meaning. *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973).

■ Here, the statute provides that the court "may consider the appropriateness of the amount of the penalty" in a collection action. The familiar and generally accepted meaning of these words compels the conclusion that the amount of the penalty has already been determined and that the role of the court is to consider only its *appropriateness*. Thus, while the statute is not a model of clarity, we conclude that it provides only for additional review of the

amount of an existing penalty on an abuse of discretion standard, but does not authorize a de novo determination of the amount of the penalty. *See Harding v. Industrial Commission, supra.*

Accordingly, we agree with the trial court that judicial review of the appropriateness of the penalty is limited to a determination whether the agency action was arbitrary or capricious or an abuse of discretion as generally set forth in the Administrative Procedure Act, § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A), and more specifically in § 24–4–106.

Judgment affirmed.

STERNBERG, C.J., and DAVIDSON, J., concur.